# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PHILLIP MICHAEL LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-CV-218 JVB |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS COMMISSIONER, | ) | |
| WESTVILLE CONTROL UNIT | ) | |
| DIRECTOR, and INDIANA | ) | |
| DEPARTMENT OF CORRECTION | ) | |
| CLASSIFICATION DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Phillip Littler, a prisoner confined at the Westville Control Unit ("WCU"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") officials placed him in the WCU, a "supermax" facility, in violation of the Fourteenth Amendment's Due Process Clause. He also asserts that conditions at the WCU violate the Fourteenth Amendment's Equal Protection Clause and the Eighth Amendment's prohibition against cruel and unusual punishments. The Defendants are the IDOC Commissioner, the WCU Director, and the IDOC Classification Director. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint,

or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir.2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

A court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, a court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on

its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Courts must review a *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

**A.      Plaintiff's Due Process Claim**

According to the complaint, on January 20, 2011, Plaintiff "was transferred from the Indiana State Prison to the Westville Control Unit and assigned to state wide Administrative Segregation" without being afforded due process (DE 1 at 3). "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson v. Austin*, 545 U.S. 209, 213 (2005). Plaintiff alleges that the WCU is a "supermax" facility with harsh and restrictive

conditions of confinement, that placement in the WCU constitutes an "atypical and significant hardship," and that he therefore possesses a liberty interest in not being placed in the WCU without due process. (DE 1 at 4).

A convicted prisoner is entitled to due process only where the discipline imposed infringes on rights protected "by the due process clause of its own force" or where the sanction imposed on him amounts to an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. at 221-22 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose")).

In *Sandin*, the Supreme Court found no liberty interest protecting against a thirty-day assignment to segregated confinement because it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin*, 515 U.S. at 485. In *Wilkinson v. Austin*, the Court considered whether placement in an Ohio supermax facility, the Ohio State Penitentiary ("OSP"), with many of the same harsh conditions as Plaintiff alleges exist at the WCU, implicated the Due Process Clause. The Supreme Court concluded that the conditions at the Ohio supermax facility were an atypical or significant hardship on inmates in relation to the ordinary incidents of prison life, requiring that they be afforded due process before being transferred there:

> OSP's harsh conditions may well be necessary and appropriate in light of the danger that high-risk inmates pose both to prison officials and to other prisoners.

> *See infra*, at 2396-2397. That necessity, however, does not diminish our
> conclusion that the conditions give rise to a liberty interest in their avoidance.

*Wilkinson v. Austin*, 545 U.S. at 224. The process afforded to inmates before being placed in a "supermax" facility need not be adversarial and may be informal, so long as it provides a sufficient mechanism to avoid erroneous placement in a supermax facility. *Id.* at 225–26.

"[Federal Rule of Civil Procedure 8] establishes a system of notice pleading," and a claim may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his claim that Defendants transferred him to the WCU, a supermax facility with harsh conditions, without affording him due process states a plausible Fourteenth Amendment claim under the standards set forth in *Wilkinson v. Austin*.

**B.      Plaintiff's Equal Protection Claim**

In the Complaint's second paragraph, Plaintiff asserts that he is treated differently at the WCU than he was at the Indiana State Prison:

> Similarly situated prisoners in other Indiana Penal institutions have educational programs available. They are given at least 7 hours of recreation per week and have access to weight equipment and other apparatus. They are paid $15.00 per month idle pay. And they are afforded the ability to affect their release from segregation, where as I am segregated indefinitely.

(DE 1 at 4).

In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394 (1989). Plaintiff characterizes this as a due process claim, but his allegation that he is

being treated differently from similarly situated prisoners implicates the Fourteenth Amendment's Equal Protection Clause, not its Due Process Clause. The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws," and directs that "all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

Plaintiff asserts that inmates housed at the WCU, unlike other IDOC facilities, have no educational or vocational programs or idle pay, and that WCU inmates have less recreation and no access to weight lifting equipment. But each particular institution's size, location, and character, resulting from the different types or classifications of inmates housed there, "necessarily will affect the number, type, and length of programs offered." *Keevan v. Smith*, 100 F.3d 644, 649 (8th Cir. 1996). Any attempt to compare programs between and among different prisons where all of these varying factors are present "is like the proverbial comparison of apples to oranges." *Klinger v. Department of Corrections*, 31 F.3d 727, 733 (8th Cir. 1994). The Constitution does not require a state to provide educational and vocational programs to inmates housed in supermax facilities. *See Wilkinson v. Austin*, 545 U.S. at 228. Accordingly, even giving Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his allegations state no plausible equal protection claim.

**C.     Plaintiff's Eighth Amendment Claim**

Plaintiff alleges that at the WCU he is "confined solitarily all the time and deprived of even the most basic stimuli. . . . I am only offered the most restrictive recreation of 5 hours per week in a small area with only a basketball." (DE 1 at 4).

To prevail on an Eighth Amendment claim, an inmate must show that prison officials imposed conditions which denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). An inmate must also show that the defendant acted with a culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

That Plaintiff is in solitary confinement most of the time states no claim upon which relief can be granted. "Subject only to such restraints as the cruel and unusual punishments clause of the Eighth Amendment may place upon the severity of punishment, a state can confine a prisoner as closely as it wants, in solitary confinement if it wants; a prisoner has no natural liberty to mingle with the general prison population." *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991).

A total lack of exercise would state a valid Eighth Amendment claim where "movement is denied and muscles are allowed to atrophy." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) ("lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened") (citation omitted). But that Plaintiff receives only five hours of out-of-cell recreation per week in a small space does not violate the Eighth Amendment. "Requiring an inmate to exercise in an enclosed area is not itself a *per se* violation of the Eighth Amendment, nor does a limitation of three hours per week of out-of-cell exercise necessarily violate the Constitution." *Hosna*, 80 F.3d at 306 (citation omitted).

Plaintiff does not allege muscle deterioration or any other actual problem as a result of the WCU exercise policy. Accordingly, even giving the Plaintiff the benefit of the inferences to

7

which he is entitled at the pleadings stage, his allegations state no plausible Eighth Amendment claim.

**D.      Plaintiff's Claims for Damages for Mental and Emotional Injury**

Plaintiff alleges that as a result of being subjected to the conditions he describes in his complaint he has "suffered emotional distress." (DE 1 at 5). But because Plaintiff alleges no actual physical injury from being transferred to the WCU without due process, he may not seek damages for mental or emotional injury.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This section is entitled a "limitation on recovery," and is a clear effort to limit prisoners' ability to recover for mental and emotional distress where there has been no physical injury, though they may still seek other forms of damages. Section 1997e(e), as the plain language of the statute suggests, "limits recovery 'for mental and emotional injury', but leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury." *Calhoun v. Detella*, 319 F.3d 936, 941 (7th Cir. 2003) (citations omitted). Accordingly, Plaintiff may not recover damages for "mental and emotional distress," and is limited to other forms of damages for any Constitutional violation he may be able to prove.

**E.      Plaintiff's Claim for Injunctive Relief**

In addition to damages, Plaintiff also asks the Court for injunctive relief. He seeks "injunctive relief of an order that the W.C.U. revise its management procedures to resemble that

of similarly situated institutions." (DE 1 at 6). However, because the Court is dismissing the Plaintiff's equal protection claims, it must also dismiss his request for injunctive relief.

Plaintiff also seeks "an order to formulate secure procedures to insure the receipt and appropriate consideration for all formal grievances." (DE 1 at 6). But the complaint does not allege any problem with the IDOC grievance procedure. Accordingly, the Court also denies the Plaintiff's request for injunctive relief pertaining to the IDOC grievance system.

For the foregoing reasons, the Court:

(1) GRANTS Plaintiff leave to proceed against Defendants in their individual capacities for damages on his Fourteenth Amendment due process claim that they transferred him to the WCU without affording him due process;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on the Defendants, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED on July 12, 2011.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE