# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILLIP MICHAEL LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-CV-218 CAN |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS COMMISSIONER, | ) | |
| WESTVILLE CONTROL UNIT | ) | |
| DIRECTOR, and INDIANA | ) | |
| DEPARTMENT OF CORRECTION | ) | |
| CLASSIFICATION DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Phillip Littler, a prisoner confined at the Westville Control Unit ("WCU"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") officials placed him in the WCU, a "supermax" facility, in violation of the Fourteenth Amendment's due process clause and several other claims. The Defendants are the IDOC Commissioner, the WCU Director, and the IDOC Classification Director.

The Court screened the complaint pursuant to 28 U.S.C. § 1915A, granted the Plaintiff leave to proceed against the Defendants in their individual capacities for damages on his Fourteenth Amendment due process claim that they transferred him to the WCU without affording him due process, and dismissed all other claims. Among the claims dismissed were the Plaintiff's Fourteenth Amendment equal protection claim, his Eighth Amendment cruel and unusual punishments claim, and his claim for injunctive relief and his claim for damages for mental and emotional injuries. This matter is before the Court pursuant to the Plaintiff's amended complaint and the Court's statutory screening obligation. *See* 28 U.S.C. § 1915A. The Defendants have moved to strike portions of the

proposed amended complaint which replead claims dismissed by the Court in its original screening order.

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993).

The Plaintiff's amended complaint attempts to replead an Eighth Amendment cruel and unusual punishments claim, but does not plead facts that would support such a claim. Accordingly, the Court will grant the Defendants' motion to strike that claim.

The Plaintiff also seeks to add an injunctive relief claim dealing with placement in the WCU. The Court screened out the injunctive relief claim in his original complaint because he sought "injunctive relief of an order that the W.C.U. revise its management procedures to resemble that of similarly situated institutions . . ." (DE 1 at 6). Because the Court dismissed the Plaintiff's equal protection claims it also dismissed his request for injunctive relief requiring the IDOC to provide him the same programs and procedures at the WCU that it affords inmates at other facilities. (DE 4 at 8-9). The Plaintiff also sought "an order to formulate secure procedures to insure the receipt and appropriate consideration for all formal grievances" (DE 1 at 6). The Court dismissed this injunctive relief claim because his complaint did not allege any problem with the IDOC grievance procedure (DE 4 at 9).

In his amended complaint, the Plaintiff seeks injunctive relief dealing with how inmates are selected to be sent to the WCU, which is a proper subject for relief in this case. Accordingly, the Court will grant the Plaintiff's request to amend his complaint to add a request for injunctive relief.

For the foregoing reasons, the court:

(1) GRANTS the Defendants' motion to strike (DE 25) to the extent that it STRIKES the Plaintiff's request to strike the Plaintiff's request to replead his Eighth Amendment claim;

(2) GRANTS the Plaintiff's motion for leave to amend his complaint (DE 23) to the extent that it affords the Plaintiff leave to proceed against the Defendants in their individual capacities for damages on his Fourteenth Amendment due process claim that they transferred him to the WCU without affording him due process and on his request for injunctive relief related to how inmates are selected for placement in the WCU;

(3) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims; and

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the amended complaint as provided for in the Federal Rules of Civil Procedure and AFFORDS them thirty days from the date of this order within which to file their response.

SO ORDERED.

Dated this 17th Day of January, 2012.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge