UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP MICHAEL LITTLER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:11-CV-218 CAN |
| INDIANA DEPARTMENT OF CORRECTIONS COMMISSIONER, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Phillip Littler, a prisoner confined at the Westville Control Unit ("WCU"), filed a complaint pursuant to 42 U.S.C. § 1983, naming as defendants Indiana Department of Correction ("IDOC") Commissioner Bruce Lemmon, IDOC Classification Director James Wynn, and WCU Director Mark Levenhagen. The Court screened the complaint pursuant to 28 U.S.C. § 1915A and granted Littler leave to proceed against the Defendants in their individual capacities for damages on his Fourteenth Amendment due process claim that they transferred him to the WCU), a "supermax" facility, in violation of the Fourteenth Amendment's due process clause (DE 4). Littler filed an amended complaint, which the Court screened and allowed him leave to proceed against the Defendants in their individual capacities for damages on his Fourteenth Amendment due process claim that they transferred him to the WCU without affording him due process and on his request for injunctive relief related to how inmates are selected for placement in the WCU (DE 28).

The Defendants have moved for summary judgment (DE 47), pursuant to FED. R. CIV. P. 56, arguing that Littler failed to exhaust his administrative remedies and, in the alternative, that Littler received all the process he was due before being transferred to the WCU. Littler has responded to the Defendants motion for summary judgment (DE 50).

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(C) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(C), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe

> it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Defendants argue that the Plaintiff did not exhaust his administrative remedies before filing his complaint. The Defendants concede that the transfer to the WCU could not be grieved by means of the IDOC grievance process, but they assert that transfers to a supermax facility, such as the WCU, can be challenged after the fact by a classification appeal to the IDOC central office. The Defendants also concede that Littler filed a classification appeal, which was denied because the IDOC official who reviewed the appeal concluded that his "placement in administrative segregation continues to be appropriate" (DE 47-18), but they argue that Littler filed his appeal at the WCU, not at the IDOC central office. In response, Littler argues that he did exhaust his administrative remedies before he filed this complaint, and asserts that he filed his appeal at the central office.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 731-2 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Assuming that a transfer is a condition of confinement within the meaning of § 1997e(a), Littler needed to file a classification appeal in order to be able to present his claims to the

federal courts.

Exhaustion of administrative remedies is an affirmative defense that prison officials have the burden of pleading and proving. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999) ("Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense"). "Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." *Perez,*182 F.3d at 536. "Generally, a party must plead affirmative defenses . . . in its answer to properly preserve them. *Kaczmarek v. Rednour,* 627 F.3d 586, 592 (7th Cir. 2010).

Neither the Defendants' answer to the original complaint (DE 13), nor their answer to the amended complaint (DE 38) pled exhaustion as an affirmative defense.[1] The time within which the parties had to amend their pleadings expired on December 29, 2011, (DE 21), and the Defendants never sought leave of the Court to amend their answer to the amended complaint either before or after that date. Accordingly, this Court finds that the Defendants waived exhaustion of administrative remedies as an affirmative defense by not pleading it as an affirmative defense.

FOURTEENTH AMENDMENT DUE PROCESS CLAIM

---

[1] A district "court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits — which the courts must respect if a defendant chooses to invoke it." *Perez*, 182 F.3d at 536 (emphasis in original). Where exhaustion has been raised as a defense, issues relating to exhaustion are to be resolved by the court before proceeding to the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), *cert denied* ___ U.S. ___, 129 S.Ct. 1620, 173 L.Ed.2d 995 (2009). Accordingly, had the Defendants pled exhaustion as an affirmative defense, this Court would have stayed the case until it had dealt with their exhaustion defense.

In the alternative to their exhaustion argument, the Defendants assert that they afforded Littler all of the process to which he was entitled when they transferred him to the WCU. A convicted prisoner is entitled to due process only where a government action infringes on rights protected "by the due process clause of its own force" or where the sanction imposed on him amounts to an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221-2 (2005), citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").

In *Wilkinson v, Austin,* the Supreme Court considered whether placement in the Ohio State Penitentiary ("OSP"), a supermax facility with many of the same harsh conditions as Littler alleges exist at the WCU, implicated the due process clause. The Supreme Court concluded that the conditions at the OSP constituted an atypical or significant hardship on inmates in relation to the ordinary incidents of prison life, and that therefore inmates must be afforded due process before being transferred there *Wilkinson v. Austin*. 545 U.S. at 224. The Court noted that:

> OSP's harsh conditions may well be necessary and appropriate in light of the danger that high-risk inmates pose both to prison officials and to other prisoners. That necessity, however, does not diminish

5

> our conclusion that the conditions give rise to a liberty interest in their avoidance.

*Id.* at 224 (citation omitted).

"Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson*, 545 U.S. at 213. Littler alleges that the WCU is a supermax facility with harsh and restrictive conditions of confinement, and that placement in the WCU constitutes an atypical and significant hardship on him (DE 1 at 4).

The Defendants do not contest Littler's claim that WCU is a supermax facility with very restrictive conditions of confinement, nor do they argue that the conditions in the WCU do not constitute an atypical and significant hardship on inmates in relation to the ordinary incidents of prison life. Accordingly, giving Littler the benefit of the inferences to which he is entitled as the nonmoving party, this Court must accept as true his allegation that WCU is a facility with restrictive conditions of confinement constituting an atypical and significant hardship, and that, therefore, he possessed a liberty interest in not being placed there without due process.

The goal of due process in these types of transfer cases is "avoiding erroneous placement" in a supermax unit, *Wilkinson*, 545 U.S. at 225, and preventing an inmate from "being mistaken for another or singled out for insufficient reason." *Id.* at 226. Process afforded to inmates being placed in a

supermax facility need not be adversarial and may be informal, so long as it provides a sufficient mechanism to avoid erroneous placement in a supermax facility. *Id.* at 225-26. The Supreme Court concluded that when considering whether to transfer a prisoner to a facility where conditions of confinement constitute an atypical and significant hardship due process requires:

> officials to provide a brief summary of the factual basis for the classification review and allowing the inmate a rebuttal opportunity safeguards against the inmate's being mistaken for another or singled out for insufficient reason.

*Wilkinson v. Austin.* 545 U.S. at 226.

An inmate transferred to a supermax facility is only "entitled to informal, nonadversarial due process." *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012). This "requires 'some notice' of the reasons for the inmate's placement . . . and enough time to 'prepare adequately' for the administrative review." *Id.* Moreover, the review may be conducted within a reasonable time after the transfer has occurred. *Id.* at 684-85. "Informal due process requires only that the inmate be given an 'opportunity to present his views' . . ." *Id.* at 685 (citations omitted); it does not require a hearing with the inmate present. *Id.* "If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses." *Id.*

According to the Defendants' submissions, inmates who IDOC officials believe "present a special safety or security management concern may be recommended for placement in a Department-wide administrative segregation unit" such as the WCU (DE 47-16 at 1). The Defendants have submitted a copy

7

of Appendix XVI-C, entitled "Criteria/procedure for placement in Department-wide administrative segregation" (DE 47-16), which sets forth the criteria the IDOC has established for selecting inmates for placement in one of the state's supermax facilities. That document provides that pursuant to IDOC policy:

> Offenders considered for such placement must meet the following criteria:
>
> 1. The criteria for placement in a facility administrative segregation unit.
>
>    a. History of assaultive behavior;
>    b. Active member of a Security Threat Group who poses a threat to the safe and orderly operation of the facility;
>    c. A high escape risk;
>    d. The facility's need to contain, prevent or end a disturbance or other threat to the orderly operation of the facility;
>    e. Pending an investigation, disciplinary hearing or criminal trial;
>    f. A documented history of behavior that causes staff to believe that the offender's continued presence in the offender general population would be detrimental to the security of the facility or the offender; or,
>    g. The offender is the subject of an on-going investigation and the segregation has been approved in the accordance with the administrative procedures for Policy 02-04-101, "The Disciplinary Code for Adult Offenders."
>
> 2. Offenders selected for Department-wide administrative segregation must have exhibited extraordinary security concerns, such as seriously injuring staff or offenders, participating in a hostage situation, identified security threat group leader, heavily involved in trafficking or having a lengthy history of serious (Class A and/or B) conduct violations.

DE 47-16 at 1. The Defendants also submit Policy Number 01–04-101, of the IDOC policy and administrative procedures (DE 47-17), which provides that an inmate who is classified to Department-Wide Administrative Segregation may

appeal his classification by filing an appeal with the Director of Classification at the IDOC Central Office.

When it screened Littler's original complaint, the Court cited *Wilkerson v. Austin* as establishing the contours of due process required before placing an inmate in a Department-wide administrative segregation unit where conditions might constitute an atypical or significant hardship on inmates in relation to the ordinary incidents of prison life (DE 4 at 3-5). The Defendants, however, do not address *Wilkerson* in their memorandum of law or in their reply to the Plaintiff's response to their motion for summary judgment, nor do they cite any of the cases decided by the Seventh Circuit on the due process prison officials must afford inmates transferred to supermax facilities. Indeed, the Defendants do not cite any cases at all dealing with due process.

In support of their summary judgment motion, the Defendants submit exhibits establishing that the IDOC has a policy that provides that an inmates may be sent to a supermax facility for several reasons, one of which is if he accumulates a very bad conduct record (DE 47-16 at 1). The Defendants also submit evidence that Littler accumulated a very bad conduct record before he was transferred to the WCU (DE 47-2 through 47-14) and that he was given a segregation confinement form (DE 47-15) advising him that he was being transferred to department wide administrative segregation. On that form, under the heading "Brief description of reason for segregation/confinement. (If applicable include Code violation numbers and offense(s)" an official wrote: "Transfer from

9

ISP to WCU [illegible] department wide administrative segregation" (DE 47-15). Finally, the Defendants provide evidence that after he arrived at the WCU Littler+ filed a classification appeal that was denied. In response to that appeal, an IDOC official wrote on the form "Your placement in administrative segregation continues to be appropriate. APPEAL DENIED" (DE 47-18).

The Defendants do not, however, submit evidence establishing who decided to transfer Littler to the WCU or precisely why the official or officials decided to transfer him — whether it was because of misconduct or for one of the other reasons listed in the Criteria/procedure for placement in Department-wide administrative segregation. More significantly, the Defendants do not provide evidence that even suggests that IDOC officials informed Littler of the factual basis for his transfer, either before or after the event, or that Littler had a real opportunity to rebut that factual basis. The Segregation/Confinement form the Defendants submitted to the Court certainly did not provide a factual basis for the transfer; the only information that form provides is that Littler was to be "Transfer[red] from ISP to WCU [illegible] department wide administrative segregation" (DE 47-15). This form advised Littler that he was being transferred to the WCU, but did not tell him the reasons he was being transferred there.

Giving inmates the opportunity to appeal after they arrive at the WCF, which IDOC policy permits, could constitute an opportunity for rebuttal, as required by *Wilkerson* and *Westefer*, in the right circumstances. But it did not constitute an opportunity for rebuttal in the circumstances presented here because nothing in the Defendants' submissions even suggest that Littler was ever

10

informed of the facts he needed to rebut.

The due process required before inmates are transferred to a supermax facility such as the WCU is very minimal. Prisoners must receive notice of the factual basis leading to consideration for placement in the supermax facility, and a fair opportunity for rebuttal. *Wilkinson v. Austin*, 545 U.S. at 225-26; *see also Westefer v. Snyder*, 422 F.3d 570, 590 (7th Cir. 2005) ("the district court will have to evaluate with particular care whether the prisoner is given sufficient notice of the reasons for his transfer to afford meaningful opportunity to challenge his placement").

The Defendants' submissions do not suggest that they complied with the minimal due process requirements set forth in *Wilkinson v. Austin* and *Westefer v. Neal* when they transferred Littler to the WCU. Indeed, the only possible inference the Court can draw from the Defendants' submissions is that they did not meet those minimal procedural requirements.

The Defendants have not provided evidence from which a fact-finder could conclude that they met the notice prong of the *Wilkinson* test by providing Littler with the reasons they believed he was eligible for transfer to the WCU. And because Littler did not receive adequate notice, the Defendants also fail on the opportunity for rebuttal prong of the *Wilkinson* test. This is because if Littler did not receive adequate notice then he obviously never had the opportunity to argue that he was being mistaken for another inmate, that some or all of the factual bases for transferring him were inaccurate, or that the reasons for the transfer

11

were insufficient under the IDOC policy. Because the Defendants have not argued that they complied with the requirements of *Wilkerson* and *Westefer*, and their submissions establish that they did not provide Littler the process required by *Wilkerson* and *Westefer*, the Court must deny their motion for summary judgment.

For the foregoing reasons, the court DENIES the Defendants' motion for summary judgment (DE 47).

Additionally, in light of this ruling, this case is now set for a telephonic status conference for **March 21, 2013 at 10:00 a.m.** (EDT) with the court making all necessary arrangements.

The Clerk of the Court is **ORDERED** to send a copy of this order to Westville Correctional Control Unit, Westville, Indiana.

**SO ORDERED.**

Dated this 12th Day of February, 2013

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
