UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP MICHAEL LITTLER,              )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )        Case No. 3:11-CV-218 CAN
                                      )
INDIANA DEPARTMENT OF                 )
CORRECTIONS COMMISSIONER,             )
*et al.*,                             )
                                      )
                Defendants.           )

OPINION AND ORDER

Phillip Littler, a prisoner currently confined at the Pendleton Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, against Indiana Department of Correction ("IDOC") Commissioner Bruce Lemmon, IDOC Classification Director James Wynn, and Westville Control Unit ("WCU") Director Mark Levenhagen. The Court screened Littler's complaint pursuant to 28 U.S.C. § 1915A and granted him leave to proceed against the Defendants on his Fourteenth Amendment claim that they denied him due process when they transferred him from the Indiana State Prison to the WCU, a "supermax" facility (DE 4). "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson v. Austin.* 545 U.S. 209, 213 (2005). Littler filed an amended complaint (DE 23), which the Court screened and allowed him leave to proceed against the Defendants on his Fourteenth Amendment due process claim that they transferred him to the WCU without affording him due process (DE 28).

In *Wilkinson v, Austin*, the Supreme Court considered whether placement in

the Ohio State Penitentiary ("OSP"), a supermax facility with many of the same harsh conditions as Littler alleges exist at the WCU, implicated the due process clause. The Supreme Court concluded that the conditions at the OSP constituted an atypical or significant hardship on inmates in relation to the ordinary incidents of prison life, and that therefore inmates must be afforded due process before being transferred there *Wilkinson*. 545 U.S. at 224. When considering whether to transfer a prisoner to a facility where conditions of confinement constitute an atypical and significant hardship due process requires:

> officials to provide a brief summary of the factual basis for the classification review and allowing the inmate a rebuttal opportunity safeguards against the inmate's being mistaken for another or singled out for insufficient reason.

*Id.*, at 226.

An inmate transferred to a supermax facility is only "entitled to informal, nonadversarial due process." *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012). This "requires 'some notice' of the reasons for the inmate's placement . . . and enough time to 'prepare adequately' for the administrative review." *Id.* Moreover, the review may be conducted within a reasonable time after the transfer has occurred. *Id.* at 684-85. "Informal due process requires only that the inmate be given an 'opportunity to present his views.'" *Id.* at 685 (citations omitted); it does not require a hearing with the inmate present. *Id.* "If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses." *Id.*

The Defendants moved for summary judgment, pursuant to FED. R. CIV. P. 56, arguing that Littler failed to exhaust his administrative remedies and, in the

alternative, that he received all the process he was due before being transferred to the WCU. In its opinion and order denying the Defendants' motion for summary judgment, this Court concluded that the Defendants had waived the affirmative defense of exhaustion of administrative remedies. The Court further concluded that the Defendants did not provide evidence from which a fact-finder could conclude that they met the notice prong of the *Wilkinson* test by providing Littler with the reasons they believed he was eligible for transfer to the WCU. Because Littler did not receive adequate notice, the Court concluded that the Defendants also failed on the opportunity for rebuttal prong of the *Wilkinson* test because if Littler did not receive adequate notice then he obviously never had the opportunity to argue that he was being mistaken for another inmate, that some or all of the factual bases for transferring him were inaccurate, or that the reasons for the transfer were insufficient under the IDOC policy.

The Defendants have now moved to reconsider the order denying their motion for summary judgment. In their motion for reconsideration, the Defendants present three arguments: that Littler conceded that he received due process when he was transferred to the WCU; that IDOC officials afforded Littler all the process he was due when he was transferred to the WCU; and that they did not waive exhaustion as an affirmative defense and that Littler did not exhaust his administrative remedies.

### DEFENDANTS' ARGUMENT THAT THE PLAINTIFF ADMITTED THAT HE RECEIVED ADEQUATE DUE PROCESS WHEN HE WAS TRANSFERRED TO THE WESTVILLE CORRECTIONAL UNIT

In their motion to reconsider, the Defendants argue that:

> 1. Littler admitted that he received due process for his transfer to Administrative Segregation. Littler's only claim regards due process for his transfer to Administrative Segregation. Consequently, there was no need for Defendants to discuss *Wilkinson*, and summary judgment in Defendants' favor was warranted.

DE 56 at 1. In support of this argument, the Defendants rely on the following quote from Littler's response to their motion to strike (DE 30):

> And I am unable to correct this or even try to address it because there is no recourse currently available for such an event because, **per record, I did receive due process and that is all that is required.**

DE 57 at 2 (emphasis added by the Defendants).

The complete passage in DE 30, from which the Defendants selectively quote, reads as follows:

> A. As it stands now the state can deprive the individual of anything so long as it provides a hearing and documents the proceedings because the higher courts will not entertain even a review of evidence much less a weighing of warrant, and it is because of this litigious loophole that many abuses are perpetrated utilizing this corrupt portrayal of due process.
>
> B. Take the Indiana Dept. Of Correction (I.D.O.C) prisoner disciplinary hearings where offenders are arbitrarily found guilty and sanctioned accordingly although there exists no proof of guilt and even when there exists proof of innocence. It is actually the unspoken code of the "correctional community" to never oppose one another and so any corrections officer can file any fraudulent account of alleged misconduct and the hearing officer will always rule guilty and the appeal hearing officer will always affirm that.
>
> Additionally, because of that coupled with all its complexity it becomes too difficult for most people to figure out much less explain in any intelligible/comprehensive fashion. Then combine that with its seemingly paranoid, outlandish nature and it becomes very easy to arbitrarily disregard it as nonsense when it is actually a matter of fact.
>
> This Plaintiff is actually a repeat victim of this practice having once been found guilty of possession of a weapon when I literally proved my innocence. On another occasion I was found guilty of escape for sneaking out of a shower to grab a bag of chips off of the

tier and then sneaking back into the shower even though, per the actual penal code of the written offense, the action did not constitute escape.

And I am unable to correct this or even try to address it because there is no recourse currently available for such an event because, per record, I did receive due process and that is all that is required.

DE 30 at 10-11.

Review of Littler's memorandum in support of his reply to the motion to strike establishes that the Defendants have taken the sentence they quote in their memorandum of law out of context. This Court concludes that the passage the Defendants seek to rely on does not refer to the Plaintiff's transfer to Department-wide administrative Segregation at the WCU, and that he does not concede that he received due process when he was transferred to the WCU. Rather, in this passage, Littler is discussing prison disciplinary hearings, and is lamenting the fact that, in his opinion, even though he received "due process" at such hearings, he was found guilty of disciplinary offenses of which he was innocent. In other words, Littler is stating that per the record he received due process during these prison disciplinary hearings, so he can't challenge the findings in federal court.

The passage relied on by the Defendants can not possibly be construed as an admission by Littler that he received due process when he was transferred to the WCU on January 21, 2011, and placed in Department-wide administrative segregation. Accordingly, the Defendants are not entitled to reconsideration of the denial of summary judgment based on this worthless argument.

DEFENDANTS' ARGUMENT THAT A SEGREGATION/CONFINEMENT
REPORT DATED DECEMBER 3, 2010, PLACING THE PLAINTIFF
IN SEGREGATION AT THE INDIANA STATE PRISON FOR THREE

DAYS PROVIDED HIM WITH ADEQUATE NOTICE OF THE
REASONS HE WAS TRANSFERRED, ON JANUARY 21, 2011,
TO DEPARTMENT-WIDE ADMINISTRATIVE SEGREGATION
AT THE WESTVILLE CORRECTIONAL UNIT

As their second ground in support of their motion to reconsider, the

Defendants assert that:

> 2. Defendants provided evidence in support of summary judgment
> that Littler received notice of the reasons he was transferred to
> Administrative Segregation and an opportunity for rebuttal, and Littler
> did not refute that evidence.

DE 56 at 2.

In their memorandum supporting their motion to reconsider, the Defendants

elaborate on this argument, detailing the evidence they now think suggests that

Littler received the process required by *Wilkinson v. Austin*. The Defendants

specifically state that:

> the evidence submitted by Defendants proves that Littler's due
> process rights were satisfied in accordance with *Wilkinson* and *Hewitt*.
> Defendants' Exhibit 5, which was attached to Defendants' Response
> in Opposition to Offender Littler's Motion to Compel, as well as
> designated in support of Defendants' Motion for Summary Judgment,
> is clear evidence that notice and an opportunity for rebuttal was given.
> Docket, 39-7; Docket, 47, Exhibit 5.) Exhibit 5 is the
> Segregation/Confinement Report evidencing the transfer of Offender
> Littler to Administrative Segregation. The Report identifies the reasons
> that Offender Littler was transferred to Administrative Segregation as
> the fact that Littler "refused to give up [his] handcuffs" and that he
> had to be "extracted from cell." (Docket, 47, Exhibit 5.) The Report
> further identifies that Offender Littler was transferred to
> Administrative Segregation for "Safety/Security of
> Institution/Facility." (Docket, 47, Exhibit 5.) Finally, Exhibit 5
> indicates that the white copy of that document went to Offender
> Littler. The yellow copy of Exhibit 5 was also placed in Offender
> Littler's Offender Packet, which Littler had access to. (*Id.*; Docket, 47,
> Exhibit 1.)

DE 57 at 5-6.

In their motion to reconsider, the Defendants state that Exhibit 5 was a document that resulted in Littler being placed in administrative segregation and suggest, without actually saying so, that the administrative segregation referred to in Exhibit 5 included the supermax facility at the WCU. But in their motion for summary judgment, the Defendants did not describe Exhibit 5 as the document that resulted in Littler's transfer from the Indiana State Prison to department- wide administrative segregation at the WCU (DE 48 at 6, ¶18). Rather, in their motion for summary judgment's statement of facts, the Defendants stated that the document used to transfer Littler to the WCU was exhibit 15:

> 19. Plaintiff was classified to Department-Wide Administrative Segregation at the Westville Control Unit on January 21, 2011. See Segregation/Confinement Report dated January 21, 2011, attached hereto and incorporated herein as Defendants' Exhibit 15.

DE 48 at 6.

Exhibit 5, which the Defendants identified in their motion for summary judgment as a document used to segregate Littler within the Indiana State Prison, is dated December 3, 2010, and states that Littler is being placed in segregation from "12/3/10" through "12/6/10" for the "refusal to give up handcuffs" (DE 47-5).[1] By the terms of this document, Littler was returned to the general population

---

[1] "Refusal to give up handcuffs" is not one of the seven specific grounds listed in the section of Appendix XVC-C (DE 47-16) under the section entitled "criteria" for placement in Department-wide administrative segregation that would justify transfer the WCU, nor is "Safety/Security of Institution/Facility." Accordingly, if Exhibit 5 had been the document used to justify transferring Littler to department-wide segregation, it would not have conformed with IDOC policy.

by December 7, 2010, and was no longer segregated. Exhibit 15, which the Defendants identified in their motion for summary judgment as the document used to transfer Littler from the Indiana State Prison to Department-wide administrative segregation at the WCU, is dated January 21, 2011, and states "Transfer from ISP to WCU [illegible] department wide administrative segregation" (DE 47-15).

This Court concludes that the evidence establishes beyond any doubt that Exhibit 5 was a document used to segregate Littler within the Indiana State Prison for three days in early December 2010, and could not have served to notify Littler of the reasons he was placed in department-wide administrative segregation at the WCU over a month later. The Court further concludes that the evidence establishes that Exhibit 15 was the document used to transfer Littler from the Indiana State Prison to Department-wide administrative segregation at the WCU on January 21, 2011, just as the Defendants stated in their memorandum in support of their motion for summary judgment. This Court has already concluded in its opinion and order denying the Defendants' motion for summary judgment that Exhibit 15 did not provide Littler with adequate notice under *Wilkinson and Westefer,* and the Defendants do not contest that finding in their motion to reconsider.

Because Exhibit 5 was not used to justify Littler's transfer to the WCU, the Defendants' suggestion in their motion to reconsider that it provided evidence that Littler received notice of the reasons he was transferred to department-wide administrative segregation at the WCU is disingenuous and without merit. The Defendants' preposterous argument in regard to exhibit 5 grossly mischaracterizes the facts, and in no way supports reconsideration of the Court's decision that the

Defendants did not establish that they provided Littler with the process required by *Wilkinson and Westefer*.

DEFENDANTS' ARGUMENT THAT THEY PROPERLY PLED
AND PROVED THE AFFIRMATIVE DEFENSE OF
EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 731-2 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Exhaustion of administrative remedies is an affirmative defense that prison officials have the burden of pleading and proving. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999) ("Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense"). In *Massey*, as in the instant case, the inmate filed a more than one complaint. The "defendants's Answers to Massey's Amended Complaint and Second Amended Complaint did not mention Massey's failure to exhaust his administrative remedies. Defendants did, however, raise Massey's failure to exhaust administrative remedies in their Answers to his Third and Forth Amended Complaints." *Id.* at 735. The Seventh Circuit held that "[b]y asserting the failure to exhaust administrative remedies in their Answers to Massey's Third and Fourth Amended Complaints, defendants clearly complied with Rule 8(c). Defendants' actions also provided Massey with ample notice of their intent to use that affirmative defense. *Id.*

"Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." *Perez*,182 F.3d at 536. "Generally, a party must plead affirmative defenses . . . in its answer to properly preserve them. *Kaczmarek v. Rednour,* 627 F.3d 586, 592 (7th Cir. 2010).

Because neither the Defendants' answer to the original complaint (DE 13), nor their answer to the amended complaint (DE 38) pled exhaustion of administrative remedies as an affirmative defense, this Court concluded that they waived that defense. In their motion to reconsider the Defendants assert that:

> 3. "Defendants did not waive the defense of failure to exhaust administrative remedies and have proven said defense"

DE 56 at 2.

In support of their claim that they preserved the affirmative defense of exhaustion of administrative remedies, the Defendants state that one of the affirmative defenses in their answer to Littler's amended complaint was that "Plaintiff's Petition to Amend Complaint fails to state a claim upon which relief may be granted" (DE 38 at 4). They then make a general, and unpersuasive, argument that asserting that Littler's amended complaint states no claim upon which relief can be granted also preserves the affirmative defense that Littler failed to exhaust his administrative remedies.

The Seventh Circuit has directed that if a defendant raises exhaustion as an affirmative defense, a district court must not proceed to the merits "until it has first considered § 1997e(a).  Where exhaustion has been raised as an affirmative defense, the district court must essentially stay the case, allowing no discovery on

any issue except exhaustion, and resolve issues relating to exhaustion before proceeding further, even to the stage of summary judgment on the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008), *cert denied* ___ U.S. ___, 129 S.Ct. 1620, 173 L.Ed.2d 995 (2009). *Pavey* directs district courts to take specific actions to resolve the affirmative defense of failure to exhaust administrative remedies, if the defendants assert it. Asserting as an affirmative defense that a complaint fails to state a claim upon which relief can be granted is not sufficient to notify a district court or a plaintiff that the defendants are invoking the affirmative defense established by § 1997e(a). The Defendants have not presented a valid argument supporting their effort to reconsider the Court's decision that they did not properly preserve the affirmative defense of failure to exhaust administrative remedies.

Moreover, even assuming *arguendo* that the Defendants had properly pled the affirmative defense of exhaustion of administrative remedies, their submissions in support of their motion for summary judgment do not suggest that they met their burden of establishing that Littler did not properly exhaust his administrative remedies. Failure to exhaust is an affirmative defense that a defendant must establish by competent evidence. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir.2004) (per curiam). Because the Defendants are the moving party, and because they bear the burden of proving the affirmative defense of lack of exhaustion, the court must "extract all reasonable inferences from the evidence in the light most favorable to" Littler as the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The Defendants argue that in order to exhaust his administrative remedies, Littler needed to file a classification appeal. The Defendants conceded in their memorandum supporting their motion for summary judgment that Littler did file a classification appeal contesting his transfer to the WCU, but argued that:

> Plaintiff filed a classification appeal with the Westville Control Unit – the facility where he is currently housed. That appeal was denied. Pursuant to IDOC Policy 01-04-101, Plaintiff was required to file his classification appeal with the IDOC Central Office.[2] Plaintiff failed to do so. Plaintiff admitted that he filed only one classification appeal. Because Plaintiff did not appeal his classification to the IDOC Central Office, Plaintiff failed to exhaust his administrative remedies and summary judgment must be awarded to Defendants.

DE 48 at 10 (citations to facts omitted).

But the Defendants did not submit an affidavit or declaration from any IDOC official stating that Littler filed his appeal at the wrong place, a claim that Littler disputes. In support of the proposition that Littler filed his appeal at the WCU rather than with the IDOC central office, the Defendants cited the Court to the appeal form filed by Littler (DE 47-18). But nothing on this form even suggests, let alone establishes, that Littler filed his appeal at the facility rather than sending it to the central office.[3] Because the Defendants did not provide admissible evidence that Littler filed his classification appeal in the wrong place, they did not meet their

---

[2] The classification appeal form submitted by the Defendants (DE 47-18), states that for "Inter-Facility-Department classification appeals send to: Director of Classification 302 West Washington Street, Room E 334 Indianapolis, Indiana 46204" (DE 47-18 at 1). Littler contends that he did so (DE 60 at 5).

[3] The certification of records form prepared by the Defendants and attached to the classification appeal is signed by Scott Brenneke, an "officially designated as keeper of the Records for the Central Office, Indiana Department of Correction" (DE 47-18 at 2). This suggests that Littler's appeal made it to the Indiana Department of Correction central office.

12

burden of proving that he did not meet all of the technical requirements of filing a classification appeal.

Finally, even if Littler had filed his appeal at the WCU rather than at the central office, as the Defendants suggest, the fact that IDOC officials accepted Littler's appeal and responded to it on the merits precludes the Defendants from now relying on § 1997e(a). If Littler had filed his appeal at the wrong place, as Defendants suggest, then IDOC officials could have forwarded it to the correct official and dealt with it on the merits; or they could have rejected it and returned it to him, telling him he had filed it at the wrong place. Rejection of the administrative appeal would have established that Littler did not follow IDOC rules governing classification appeals, and would have supported an argument that, therefore, he did not exhaust his administrative remedies. But under § 1997e, where prison officials accept and process a grievance and resolve it on the merits, they can not later assert that the prisoner did not follow the rules.

> Prisoners must follow state rules about the time and content of grievances. *See Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir.2002); *Strong v. David*, 297 F.3d 646 (7th Cir.2002). Failure to do this means failure to use (and thus to exhaust) available remedies. Yet the state's administrative apparatus did not reject Riccardo's grievance as untimely; it accepted and denied the grievance on the merits. . . . we held in *Pozo* that, when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action. 286 F.3d at 1025.

*Riccardo v. Rausch*, 375 F.3d 521,523-24 (7 th Cir. 2004).

"Prison officials may not take unfair advantage of the exhaustion

requirement." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The Seventh Circuit held in *Dole* that "[b]ecause Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." *Id.* at 813. The Defendants' submissions in this case establish that there is a one step appeal process from inter-institutional transfers. Littler filed an appeal that was denied on the merits without any suggestion from prison officials that he needed to do anything else.

The Defendants argue, without providing admissible supporting evidence, that Littler filed his classification appeal at the wrong place. But IDOC officials did not reject his classification appeal on that ground; rather an IDOC official responded to the appeal on the merits, writing on the form "Your placement in administrative segregation continues to be appropriate. APPEAL DENIED" (DE 47-18 at 1). In *Pozo v. McCaughtry* and *Riccardo v. Rausch,* the Seventh Circuit held that prison officials who accept and process a prisoner's grievance could not later argue that the grievance was untimely. The fact that IDOC officials accepted Littler's classification appeal and responded to it on the merits also precludes the Defendants in this case from now arguing that Littler did not exhaust his appeal remedies based on a technicality.

In its opinion and order denying the Defendants' motion for summary judgment, this Court concluded that the Defendants waived the affirmative defense

of exhaustion of administrative remedies under § 1997e(a) by not raising it as an affirmative defense. Nothing in the Defendants' motion to reconsider justifies revisiting that decision. The Court further concludes that even had the Defendants not waived the affirmative defense of exhaustion of administrative remedies, they have not met their burden under that affirmative defense of establishing that Littler did not exhaust his administrative remedies because he filed his appeal at the wrong place. Finally, this Court concludes that even had Littler filed his classification appeal in the wrong place, IDOC officials waived reliance on § 1997e(a) by accepting his appeal and addressing it on the merits instead of rejecting it for procedural reasons.

CONCLUSION

For the foregoing reasons, the court DENIES the Defendants' motion for reconsideration of the denial of their motion summary judgment (DE 56).

**SO ORDERED.**

Dated this 19th Day of March, 2013

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge